UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BRUCE WAYNE ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>S.F.P.D.; et al.,<br><br>    Defendants.<br>_____/ | No. C 14-4538 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1] |

**INTRODUCTION**

Bruce Wayne Allen, an inmate at the San Francisco County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consents to proceed before a magistrate judge. ECF No. 1 at 4. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Mr. Allen leave to file an amended complaint.

**STATEMENT**

Mr. Allen complains of events that allegedly occurred during his arrest on June 25, 2014 by an officer from the San Francisco Police Department. He alleges that, during his arrest, he was "beaten viciously" by the arresting officer, even after he "willingly surrendered." ECF No. 1 at 3. He further alleges that he was taken to the hospital on the day of his arrest for his unspecified injuries.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Mr. Allen has adequately alleged that someone used excessive force on him. He has a defendant problem, however.

Mr. Allen has listed the "S.F.P.D. arresting officer" as a defendant. ECF No. 1 at 2. That does not sufficiently identify the defendant because there are more than a thousand officers in the San Francisco Police Department. Service of process could not occur on the person who is only listed as a San Francisco police officer. Leave to amend will be granted so that Mr. Allen may attempt to provide the true name for the arresting officer, including his star or badge number if that is known – information which might be provided on the arrest report. If Mr. Allen cannot provide the name of the arresting officer, he can sue him as a John Doe defendant in his amended complaint. For example, in place of the allegation in the complaint that "'the arresting officer' punched me repeatedly in my face," *Id.* at 3, the amended complaint could allege that "John Doe punched me

repeatedly in my face."  The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint.  Although the use of a John Doe or Jane Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a John Doe or Jane Doe defendant designation creates its own problem:  that person cannot be served with process until he or she is identified by his or her real name.  The burden remains on the plaintiff to identify the defendant; the court will not undertake to investigate the name and identity of an unnamed defendant.[1]

The complaint lists the San Francisco Police Department and City and County of San Francisco as defendants, but included no allegations against either.  There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is liable simply because it employs a person who has violated a plaintiff's rights.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The San Francisco Police Department nor the City and County of San Francisco do not have liability under § 1983 based solely on the fact that one of them may have employed the arresting officer.  However, local government entities, such as the San Francisco Police Department and the City and County of San Francisco, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to

---

[1] If Mr. Allen fails to provide the true name of the arresting officer and instead lists him as a John Doe Defendant in the amended complaint, what happens will depend on whether he states a claim against any other defendant in his amended complaint.  If he fails to state a claim against any named defendant, the court will dismiss the action – including the action against the Doe defendant – without prejudice to him filing an action against the Doe defendant if he ever learns his true name.  On the other hand, if Mr. Allen does state a claim against one or more named defendants in his amended complaint, the court will order the amended complaint served on all named defendants against whom claims are stated, and Mr. Allen will be given a reasonable time for discovery to attempt to learn the identity of the Doe defendant and provide that name to the court.  If, after a reasonable amount of time for discovery has been allowed and Mr. Allen still has not provided the true name for the Doe defendant, he will be dismissed.

1  deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving
2  force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130
3  F.3d 432, 438 (9th Cir. 1997). Mr. Allen has not made any such allegations. Mr. Allen is granted
4  leave to file an amended complaint in which he may attempt to allege a *Monell* claim against the San
5  Francisco Police Department and the City and County of San Francisco.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **November 30, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: October 28, 2014

_____
LAUREL BEELER
United States Magistrate Judge