UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BRUCE WAYNE ALLEN, | No. C 14-4538 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 10] |
| S.F.P.D.; et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Bruce Wayne Allen, an inmate at the San Francisco County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Earlier, the court reviewed the complaint and dismissed it with leave to amend so that Mr. Allen could provide the name of the officer who allegedly used excessive force on him or to identify him as a Doe defendant. Mr. Allen's amended complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the action without prejudice to Mr. Allen filing a new action if he learns the name of the officer he wishes to sue.

## STATEMENT

In his amended complaint, Mr. Allen complains of events that allegedly occurred during his arrest on June 25, 2014 by an officer from the San Francisco Police Department. He alleges that, during his arrest, he was assaulted by an unidentified plain clothes police officer from the San

1  Francisco Police Department, "was beaten and placed in an illegal carotid choke hold," and was
2  punched repeatedly in the face by the officer. ECF No. 10 at 1. Attached to the amended complaint
3  is a copy of a portion of an incident report, but that excerpt does not provide the name of the
4  arresting officer who allegedly used force on Mr. Allen.   Mr. Allen alleges that he was unable to
5  learn the name of the arresting officer. Mr. Allen did not attempt to use a Doe defendant designation
6  to sue the arresting officer.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In the order of dismissal with leave to amend, the court explained that Mr. Allen had adequately alleged a claim that excessive force had been used on him but had a defendant problem because he had identified the defendant as only his arresting officer, which did not sufficiently identify the defendant among the many officers in the San Francisco Police Department. The court provided these instructions:

> Leave to amend will be granted so that Mr. Allen may attempt to provide the true name for the arresting officer, including his star or badge number if that is known – information which might be provided on the arrest report. If Mr. Allen cannot provide the name of the arresting officer, he can sue him as a John Doe defendant in his amended complaint. For example, in place of the allegation in the complaint that "'the arresting officer' punched me repeatedly in my face," *Id.* at 3, the amended complaint could allege that "John Doe punched me repeatedly in my face."

ECF No. 6 at 2-3.

The amended complaint does not cure the defendant problem identified in the order of dismissal

C 14-4538 LB
ORDER                              2

1   with leave to amend.  As with the original complaint, the amended complaint alleges that some
2   unidentified officer used excessive force on Mr. Allen.  The "incident report" attached to the
3   amended complaint apparently was written by the arresting officer who states that he used force to
4   subdue Mr. Allen who attempted to flee from police.  The incident report does not provide the name
5   of that arresting officer.  Mr. Allen states that other officers, whose names, are on the incident
6   report, were "involved," *Docket # 10,* but he does not allege that any one of those officers used force
7   on him and the incident report describes their involvement as occurring after the force was used by
8   the arresting officer.   The amended complaint will be dismissed.

9   Further leave to amend will not be granted because it would be futile.  Mr. Allen has been
10  informed of the need to provide a name for the arresting officer (or to name him as a "John Doe")
11  who allegedly used force on him and he was unable or unwilling to do so.  Although the action is
12  being dismissed, the dismissal will be without prejudice to Mr. Allen filing a new action if he ever
13  learns the name of the arresting officer who he believes used excessive force on him.  Mr. Allen is
14  cautioned that there is a two-year statute of limitations for filing a § 1983 action alleging an
15  excessive force claim in California.

16  In his amended complaint, Mr. Allen stated he would like to file motions, including a *Pitchess*
17  motion, and would like to file charges for tampering with evidence and perjury.  If Mr. Allen wants
18  to file motions pertaining to the criminal charges pending against him, he must file his motions in
19  that criminal case.  If he wants to file criminal charges against someone, he should contact the local
20  law enforcement agency.

## CONCLUSION

22  For the foregoing reasons, this action is **DISMISSED**.  The dismissal is without prejudice to Mr
23  Allen filing a new action against the officer who allegedly used excessive force if he ever learns that
24  officer's true name.

25  **IT IS SO ORDERED.**

26  Dated: January 12, 2015

_____
LAUREL BEELER
United States Magistrate Judge